UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARK A. Y.,

                         Plaintiff,

        v.

COMMISSIONER OF SOCIAL
SECURITY,

                         Defendant.

CASE NO. 3:21-CV-5568-DWC

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of

Defendant's denial of Plaintiff's application for supplemental security income ("SSI"). Pursuant

to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties

have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 1.

        After considering the record, the Court concludes the Administrative Law Judge ("ALJ")

erred when he evaluated Plaintiff's subjective testimony, and this error impacted the ultimate

disability determination. The ALJ's error is therefore harmful, and this matter is reversed and

remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner of Social

Security ("Commissioner") for further proceedings consistent with this Order.

1

FACTUAL AND PROCEDURAL HISTORY

2        On January 26, 2017, Plaintiff filed applications for disability insurance benefits ("DIB")

3    and SSI, alleging disability as of September 1, 2013. *See* Dkt. 12, Administrative Record ("AR")

4    16. The applications were denied due to a finding that Plaintiff performed substantial gainful

5    activity, which was subsequently reversed by ALJ Linda Thomasson on July 18, 2019. *See* AR

6    55–62, 252–54. Subsequently, this ALJ remanded Plaintiff's claims for initial disability

7    determinations. AR 62. The applications were denied upon initial administrative review and on

8    reconsideration. *See* AR 74, 86, 111–12. A hearing was held before ALJ Derek Johnson on

9    November 18, 2020, in which Plaintiff amended his alleged disability onset date to July 3, 2017,

10   and elected to withdraw his DIB application. *See* AR 31–54. In a decision dated December 23,

11   2020, the ALJ determined Plaintiff to be not disabled. *See* AR 13–30. Plaintiff's request for

12   review of the ALJ's decision was denied by the Appeals Council, making the ALJ's decision the

13   final decision of the Commissioner. *See* AR 1–7; 20 C.F.R. § 404.981, § 416.1481.

14       In Plaintiff's Opening Brief, Plaintiff maintains the ALJ erred by: (1) discounting

15   Plaintiff's subjective symptom testimony; (2) improperly evaluating the medical opinion

16   evidence; and (3) fashioning a residual functional capacity ("RFC") analysis that was informed

17   by these errors. Dkt. 14, pp. 1–2.

18

STANDARD OF REVIEW

19       Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of

20   social security benefits if the ALJ's findings are based on legal error or not supported by

21   substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th

22   Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

23

24

1                                         <u>DISCUSSION</u>

2 **I. Whether the ALJ properly evaluated Plaintiff's subjective testimony.**

3        Plaintiff first avers that the ALJ erred in discounting his own symptom testimony. Dkt.

4 14, p. 1.

5        To reject a claimant's subjective complaints, the ALJ's decision must provide "specific,

6 cogent reasons for the disbelief." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995) (citation

7 omitted). The ALJ "must identify what testimony is not credible and what evidence undermines

8 the claimant's complaints." *Id.*; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Unless

9 affirmative evidence shows the claimant is malingering, the ALJ's reasons for rejecting the

10 claimant's testimony must be "clear and convincing." *Lester*, 81 F.2d at 834. "[B]ecause

11 subjective descriptions may indicate more severe limitations or restrictions than can be shown by

12 medical evidence alone," the ALJ may not discredit a subjective description "solely because it is

13 not substantiated affirmatively by objective medical evidence." *Robbins v. Social Sec. Admin.*,

14 466 F.3d 880, 883 (9th Cir. 2006).

15        Here, Plaintiff alleged that he left his last job as a mechanic because he could not keep up

16 with the pace of work. AR 35. He testified to suffering foot pain following a fracture on July 3,

17 2017, his alleged onset date; right side pain that continued after a hernia repair and mesh removal

18 and flared two to three times a day; and hand pain that flared one to two times a week. AR 42–

19 44, 51. Plaintiff further testified that he could sit for 15 to 20 minutes at a time before needing to

20 stand, could stand up for 20 minutes before needing to sit or lay down, and could walk for two to

21 three city blocks and lift no more than five pounds. AR 46. Plaintiff testified that his contribution

22 to household chores was limited to mowing the lawn for ten minutes at a time and cooking for

23 short periods. AR 49–50.

24

1    The ALJ chose not to rely on this testimony, finding that it was inconsistent with (1) the

2    medical record and (2) Plaintiff's improvement with limited treatment.[1]

3    With respect to the ALJ's first reason, "[c]ontradiction with the medical record is a

4    sufficient basis for rejecting a claimant's subjective testimony." *Carmickle v. Commissioner,*

5    *Social Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008). However, a mere "lack of medical

6    evidence cannot form the sole basis for discounting [symptom] testimony." *Burch v. Barnhart*,

7    400 F.3d 676, 681 (9th Cir. 2005). Here, evidence the ALJ cited did not contradict Plaintiff's

8    testimony.

9    Regarding Plaintiff's foot pain, the ALJ found that Plaintiff had undergone a

10   tarsometatarsal joint arthrodesis following his July 2017 injury and undergone a period of

11   physical therapy. AR 554. The ALJ noted that thereafter, Plaintiff reported improvement, going

12   fishing and becoming "'cleared for full activities'" in March 2018, and ceased physical therapy

13   before meeting "goals secondary to not returning for further treatment." AR 21 (citing AR 554,

14   582, 584–85). The ALJ also noted that Plaintiff reported left midfoot and lateral hind foot pain in

15   December 2018, but that a physical exam showed full functional motion, good ankle range of

16   motion, "excellent" alignment, and stability with tenderness to stress on the first

17   metatarsophalangeal and fourth and fifth tarsometatarsal joints. AR 21 (citing AR 585).

18

19

20

21   [1] On appeal, both parties assert that the ALJ relied on Plaintiff's activities of daily living to discredit
Plaintiff's testimony. *See* Dkt. 14, p. 6; Dkt. 15, p. 6. However, the ALJ's analysis of Plaintiff's medical history
included only a single sentence indicating that Plaintiff once reported going fishing. AR 21. Because this reference

22   is embedded within the ALJ's medical record analysis and the ALJ did not analyze the consistency of this activity or
any other activity with Plaintiff's complaints, the Court will not address it as a separate reason for discounting
Plaintiff's testimony. *See Bray v. Commissioner of Social Security Admin.*, 554 F.3d 1219, 1225 (9th Cir. 2009)

23   (citing *SEC v. Chenery Corp.*, 332 U.S. 194, 196, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947)) ("Long-standing principles
of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by

24   the ALJ—not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking.")

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 4

1      As to Plaintiff's right side pain, the ALJ determined that this was caused by a hernia

2  which was repaired in a March 2018 laparoscopic procedure and mesh insertion, and that despite

3  reporting continuing pain, Plaintiff showed no signs of hernia recurrence. AR 21 (citing AR 502,

4  504, 513, 521). The ALJ found that this pain was mostly resolved after an August 2019

5  procedure to replace the mesh and was thereafter treated with oxycodone. AR 21 (citing AR 634,

6  636, 776–77). In addition, the ALJ found that Plaintiff's abdominal pain was due to systemic

7  inflammatory response syndrome but found that this did not meet the durational requirement for

8  a medically determinable impairment. AR 21 (citing AR 776).

9      Finally, regarding Plaintiff's back pain, the ALJ found that Plaintiff reported such pain

10  occurring since 1996, well before the alleged onset date, and that despite a consultative

11  examination showing antalgic gait and inability to perform hell, tiptoe, or tandem walking or

12  squatting due to pain, the consultative examiner noted Plaintiff's poor effort. AR 22 (citing AR

13  652–56). The ALJ found that a 2017 examination showed normal results and Plaintiff was

14  prescribed gabapentin for this pain, and that Plaintiff improved after treatment sessions with a

15  chiropractor in 2019. AR 22 (citing AR 397, 399, 854, 858–59, 862, 886, 889). Finally, with

16  respect to Plaintiff's hand pain and carpal tunnel, the ALJ found that although Plaintiff showed

17  some decreased sensation in the consultative physical examination, he also retained full bilateral

18  strength and grip. AR 23 (citing AR 656).

19      In sum, the ALJ found that "clinical evidence and diagnostic findings do not substantiate

20  disabling physical limitations with respect to [Plaintiff]'s ability to sit, stand, walk, or use his

21  extremities." AR 23 (citing AR 365–99, 445, 633, 744, 854). The ALJ's reliance on one-time

22  physical exams is misplaced. Several of the examinations to which the ALJ cites took place

23  before the alleged onset date. *See* AR 365–99, 445. Later examinations within the period at issue

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 5

1  show Plaintiff with a normal gait, but with other issues that do not enter the ALJ's discussion:

2  the March 2019 examination disclosed "extreme" right side tenderness; a July 2019 examination

3  showed limited cervical and thoraco-lumbar range of motion with pain and stiffness; and a

4  February 2020 examination showed Plaintiff positive for light-headedness and abdominal and

5  flank pain. AR 633, 744, 854. In any event, a normal gait walking across a doctor's office does

6  not contradict Plaintiff's testimony of needing to rest due to pain after walking two to three city

7  blocks. Nor does any objective medical evidence contradict Plaintiff's alleged sitting and

8  standing limitations, as he testified that he could sit or stand for 15 to 20 minutes at a time. AR

9  46. The Social Security Administration's regulation concerning evidence of functioning in

10  supportive situations is instructive here: "Your ability to complete tasks in settings that are

11  highly structured, or that are less demanding or more supportive than typical work settings does

12  not necessarily demonstrate your ability to complete tasks in the context of regular employment

13  during a normal workday or work week." 20 C.F.R. 404, Subpart P, App'x 1, § 12.00(C)(6)(b)

14  (2016). Objective medical evidence was not a sufficient basis on which to reject Plaintiff's

15  symptom testimony.

16      With respect to the ALJ's second reason, an ALJ may rely on conservative treatment in

17  discounting a claimant's symptom testimony. *See Parra v. Astrue*, 481 F.3d 742, 750-51 (9th Cir.

18  2007) (holding that over-the-counter pain medication is "conservative treatment"). However, the

19  treatment must be effective. See 20 C.F.R. § 404.1529(c)(3)(iv) (evaluating the *effectiveness* of

20  medication and treatment and not whether treatment is aggressive or conservative). Here, as

21  discussed above, the ALJ noted that Plaintiff underwent surgeries to treat his foot pain and a

22  hernia, in addition to being treated with pain medication, physical therapy, and chiropractic

23  therapy. AR 21–22 (citing AR 554, 582, 584–85, 634, 636, 776–77, 858–59, 862, 886, 889). The

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 6

1   ALJ emphasized that Plaintiff was discharged from physical therapy after his foot surgery

2   without meeting goals secondary to not returning for further treatment, but did not appear to

3   consider the contemporaneous treatment notes indicating Plaintiff would continue in an

4   independent home exercise program. AR 582. In any event, this recovery is not inconsistent with

5   Plaintiff's report that foot pain returned spontaneously later on. *See* AR 585. The ALJ also noted

6   that Plaintiff's pain was treated with Gabapentin and Oxycodone. AR 21. While Plaintiff was

7   prescribed Oxycodone for only a brief period of time, the record shows he was regularly

8   prescribed Tramadol, another opioid pain medication. *See* AR 396, 777–78. "[P]ain treatment

9   with opioid analgesics generally is not considered conservative." *O'Connor v. Berryhill*, 355

10  F.Supp.3d 972, 985 (W.D. Wash. 2019) (citing *Kager v. Astrue*, 256 F. App'x 919, 923 (9th Cir.

11  2007)). The ALJ's finding that Plaintiff's symptoms improved with conservative treatment is not

12  supported by substantial evidence.

13        The ALJ did not give any clear and convincing reasons for rejecting Plaintiff's testimony

14  regarding the severity of his symptoms. While the ALJ erred, the Court must determine whether

15  this error was harmless. Harmless error principles apply in the Social Security context. *Molina v.*

16  *Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not

17  prejudicial to the claimant or is "inconsequential" to the ALJ's "ultimate nondisability

18  determination." *Stout v. Commissioner, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir.

19  2006); *see Molina*, 674 F.3d at 1115. The determination as to whether an error is harmless

20  requires a "case-specific application of judgment" by the reviewing court, based on an

21  examination of the record made "'without regard to errors' that do not affect the parties'

22  'substantial rights.'" *Molina*, 674 F.3d at 1118–1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396,

23  407 (2009) (quoting 28 U.S.C. §2111)).

24

1    In this case, the ALJ's error was not harmless. Had the ALJ properly considered

2    Plaintiff's testimony, the ALJ may have incorporated limitations expressed therein into

3    Plaintiff's residual functional capacity. Had the ALJ incorporated such limitations, in turn, the

4    ultimate disability determination may have changed. Accordingly, the ALJ's error was not

5    harmless and requires reversal.

6    **II. Whether the ALJ properly evaluated the medical opinion evidence and RFC.**

7    Plaintiff also maintains the ALJ's evaluation of medical opinion evidence, as well as the

8    ALJ's RFC determination, are not supported by substantial evidence. Dkt. 14, pp. 9–13.

9    The Court has found the ALJ committed harmful error and has directed the ALJ to

10   reassess Plaintiff's testimony on remand. *See* Section I., *supra*. Hence, the ALJ shall reassess the

11   medical opinions and RFC on remand. *See* Social Security Ruling 96-8p, 1996 WL 374184

12   (1996) (an RFC "must always consider and address medical source opinions"); *Valentine v.*

13   *Commissioner Social Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) ("an RFC that fails to take

14   into account a claimant's limitations is defective"). As the ALJ must reassess Plaintiff's RFC, the

15   ALJ is also directed to re-evaluate Step Five to determine whether there are jobs existing in

16   significant numbers in the national economy Plaintiff can perform given the RFC. *See Watson v.*

17   *Astrue*, 2010 WL 4269545, at *5 (C.D. Cal. Oct. 22, 2010) (finding the RFC and hypothetical

18   questions posed to the VE defective when the ALJ did not properly consider two physicians'

19   findings).

20   **III.    Whether remand for an award of benefits is appropriate.**

21   Lastly, Plaintiff requests the Court remand this case for an award of benefits. Dkt. 14, p. 13.

22   The Court may remand a case "either for additional evidence and findings or to award benefits."

23   *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court reverses an

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 8

1  ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for

2  additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004)

3  (citations omitted). However, the Ninth Circuit created a "test for determining when evidence

4  should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172,

5  1178 (9th Cir. 2000). Specifically, benefits should be awarded where:

6       the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's]
        evidence, (2) there are no outstanding issues that must be resolved before a
7       determination of disability can be made, and (3) it is clear from the record that the
        ALJ would be required to find the claimant disabled were such evidence credited.

8  *Smolen*, 80 F.3d at 1292.

9       In this case, the Court has directed the ALJ to re-evaluate Plaintiff's subjective symptom

10 testimony and medical opinion evidence . *See* Sections I.-II., *supra*. Because outstanding issues

11 remain regarding the medical opinion evidence, Plaintiff's testimony, the RFC, and Plaintiff's

12 ability to perform jobs existing in significant numbers in the national economy, remand for further

13 consideration of this matter is appropriate.

14                                        CONCLUSION

15      Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded

16 Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and

17 this matter is remanded for further administrative proceedings in accordance with the findings

18 contained herein.

19      Dated this 23rd day of February, 2022.

20

21

22                                        David W. Christel
                                          United States Magistrate Judge
23

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 9